IN THE SUPREME COURT OF THE STATE OF DELAWARE

GIBSON A. HALL, §
§
    Defendant Below, § No. 457, 2016
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 88004234DI
§
    Plaintiff Below, §
    Appellee. §

Submitted: September 20, 2016
Decided: September 29, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 29th day of September 2016, it appears to the Court that:

(1)    On September 7, 2016, the Court received the appellant's notice of appeal from a Superior Court order denying his motion for correction of sentence. The Superior Court order was dated August 1, 2016 and docketed on August 2, 2016. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before September 1, 2016.

(2)    The Senior Court Clerk issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. In his response to the notice to show cause, the appellant argues that the appeal should be considered timely because the notice of appeal was mailed on

August 20, 2016 or August 23, 2016, well before the expiration of the deadline for a timely appeal. On September 23, 2016, the appellant filed a motion for inclusion of the docket in this appeal because the docket stated that the notice of appeal was served by mail on August 19, 2016. According to the appellant, this means court-related personnel must be responsible for the delay in the filing of his appeal.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) Contrary to the appellant's contention, the served by mail notation on the docket reflects the date that the appellant put on the certificate of service (August 19, 2016), not the date on which the Office of the Clerk actually received his notice of appeal. The appellant's notice of appeal bears a clocked in date of September 7, 2016, the date on which the Office of the Clerk received the notice of appeal. The appellant has not shown that the delay in the filing of his appeal was

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10 (a); *Smith v. State*, 47 A.3d 481, 482 (Del. 2012).
[3] *Carter v. State*, 2013 WL 5974913, at *1 (Del. Nov. 8, 2013) (citing *Carr*, 554 A.2d at 779).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. This appeal must be dismissed.

(5) Even if we were to reach the merits of this appeal, we would dismiss it summarily for lack of merit. The Superior Court correctly found in its August 1, 2016 order that appellant's motion is not ripe and without merit because appellant must serve his sentence for Murder First Degree before the sentence starts to run on his deadly weapon possession conviction. Further, appellant has previously litigated and lost before this Court on his claim that his sentence violates double jeopardy, and cannot relitigate the issue in the present motion.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

3